IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BRETT JEFFERSON, ) | |
| ) | CIVIL NO. 2010-97 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| GRANDE BAY RESORT CONDOMINIUM ) | |
| ASSOCIATION, INC., BAY ISLES ASSOCIATES, ) | |
| L.L.L.P.. THOMAS HILL, individually, and ) | |
| JOHN JORDAN, individually, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is plaintiff Brett Jefferson's motion for reconsideration of the Court's September 20, 2010 order granting defendant Grande Bay Resort Condominium Association's (the "Association's") motion for an extension of time to respond to plaintiff's complaint herein. Plaintiff has also moved for an expedited ruling on his motion for reconsideration. Jefferson asserts that the Court's granting of the Association's motion under the circumstances amounted to clear error and that reconsideration is necessary to prevent manifest injustice.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed this case in the Superior Court of the Virgin Islands on July 19, 2010. On August 26, 2010, defendants filed a Notice of Removal in this Court (the "Notice"). In the Notice, defendants asserted that although three out of the four defendants had not yet been properly served with the Superior Court case process as of the date of filing, the Notice was being filed within 30 days after the first notice to any defendant of the existence of the civil action.

In its motion for an extension of time to respond to the complaint, the Association asserted it had been personally served with process on August 27, 2010, and that its response was therefore due on September 17,

the date it filed the motion. The Association's motion sought an extension of time to October 4, 2010, some 17 days hence. As this request was reasonable and routine, the Court promptly granted it without opinion, as permitted under L.R.Ci. 7.1(e)(3). This Motion for Reconsideration followed.

## DISCUSSION

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.3:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
>
> 1. intervening change in controlling law;
> 2. availability of new evidence, or;
> 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3 (2008); *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration is not a substitute for an appeal, and is not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

Plaintiff Jefferson here has presented no argument with respect to the first two bases upon with a motion for reconsideration may rest. Rather, he claims only that it was error and manifestly unjust not to wait to decide this routine motion until he had his requisite 14-day period in which to file an opposition. Presumably, the

Association would then have been entitled to yet another period of time in which to prepare and file its reply, while in the meantime, the Association's response to the complaint could have been filed and the case could have proceeded.

Whether to grant a motion for an extension in these circumstances is discretionary, and the Court was within its authority to grant the motion without waiting for a response. Plaintiff has offered no authority to the contrary, or to show that the relief granted could not or should not have been given, or which required, as plaintiff argues, that the Court issue written findings of the appropriateness of proceeding to promptly rule on the motion. In short, there was no error evident in the ruling, nor did it result in manifest injustice to any party. The premises considered, therefore, it is hereby

ORDERED that plaintiff's motion for expedited treatment of its motion for reconsideration is GRANTED; and it is further

ORDERED that plaintiff's motion for reconsideration is DENIED.

DATED: September 22, 2010

                                                    s/
                                                    RUTH MILLER
                                         United States Magistrate Judge