IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| Brett Jefferson, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>Grande Bay Resort Condominium Association, Inc, )<br>Bay Isles Associates, LLLP, Thomas Hill, Individually, )<br>John Jordan, Individually. )<br>)<br>Defendants. )<br>_____)<br>)<br>Bay Isles Associates, LLLP, )<br>)<br>Counterclaim, Cross-Claim, and )<br>Third Party Plaintiff )<br>)<br>Vs. )<br>)<br>Brett Jefferson, Thomas Hill, John Jordan, Harrington )<br>Holdings, LLC, Richard Dobrow and Paula J. Dobrow, )<br>Four-By-Four Forever, LLC, Island Spine, LLC, )<br>Bayview Investments, LLC, Colleen L. Norrgard and )<br>Robert P. Norrgard, Lucky Lithuanian Woman, LLC, )<br>Joan Weithal and James E. Clayton, Bay Street, LLC, )<br>John W. Russell, Maria Jordan, C-103 Grande Bay, )<br>LLC, J-CAT Properties, LLC, KPMAC Properties, )<br>LLC, Elizabeth J. Branda, OSSJ Property Holdings, )<br>LLC,CK/KC, LLC, Charles Kray and Sara Kray, )<br>Charles Bittinger, III and Carmen K. Bittinger, )<br>Atlantic Properties, LLC, John D. Story and Diane M. )<br>Story, KPMAC Holdings, LLC, Edward A. Haak, )<br>Jacqueline A. Funt, Anna May Charrington and Peter )<br>Charrington, Southern Serenity, LLC, Island Pursuits, )<br>LLC, Keith Bolognese and Koryn Bolognese, Peter H. )<br>Langer and Leslie S. Langer, )<br>Raymond E. Krek And Gayle M. Krek, )<br>) | Civil No. 10-97 |

|                                      |   |
|--------------------------------------|---|
| Counterclaim, Cross-claim, and Third-Party Defendants | ) ) ) ) |

### COUNTERCLAIM, CROSS CLAIM, AND THIRD-PARTY COMPLAINT OF DEFENDANT BAY ISLES ASSOCIATES, LLLP

Defendant, Bay Isles Associates, LLLP ("Bay Isles"), hereby submits this counterclaim against Plaintiff, cross-claim against Defendants, and third-party claim against additional parties as more fully set forth herein:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this counterclaim and cross-claim, and claim against the additional parties joined by defendant Bay Isles, pursuant to 28 U.S.C. § 1367(a), because the claims of Bay Isles set forth herein are related to the claims alleged in the Plaintiff's Verified Complaint, so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution, and judicial economy, efficiency and fairness dictate that all the issues between the Plaintiff and Defendants over the assessments of common expenses against the unit owners and the condominium units in the Condominium be resolved in one lawsuit.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. The Plaintiff and Counterclaim Defendant, Brett Jefferson ("Jefferson"), is an adult resident of New York, New York and an owner of a condominium unit, B-203, in a condominium development known as The Grande Bay Resort, located in Cruz Bay Town, St. John US Virgin

Islands ("The Grande Bay Resort").

4. The Defendant, Thomas Hill ("Hill"), is an adult male and a resident of the Commonwealth of Maryland.

5. The Defendant, John Jordan ("Jordan"), is an adult male and a resident of the Commonwealth of Maryland.

6. Bay Isles is a Virgin Islands limited liability limited partnership with an address of Suite 10, Cruz Bay Town, St. John, USVI, and is the developer of The Grande Bay Resort.

## ADDITIONAL PARTIES

7. Harrington Holdings, LLC is, upon information and belief, a Virgin Islands limited liability company, and an owner of a condominium unit, A-101, in The Grande Bay Resort.

8. Richard Dobrow and Paula J. Dobrow are, upon information and belief, residents and citizens of Massachusetts, and the owners of a condominium unit, A-P01 and A-P02, in The Grande Bay Resort.

9. Four-by-Four Forever, LLC is, upon information and belief, a Virgin Islands limited liability company, and the owner of a condominium unit, B-101, in The Grande Bay Resort.

10. Island Spine, LLC is, upon information and belief, an Ohio limited liability company, and the owner of a condominium unit, B-103, in The Grande Bay Resort.

11. Bayview Investments, LLC is, upon information and belief, a Virgin Islands limited liability company, and the owner of a condominium unit, B-202, in The Grande Bay Resort.

12. Colleen L. Norrgard and Robert P. Norrgard, as co-trustees of The Colleen L. Noorgard Trust u/a/d 12/11/01 are, upon information and belief, residents and citizens of

Colorado, and the owners of a condominium unit B-301, in The Grande Bay Resort.

13. Lucky Lithuanian Woman, LLC is, upon information and belief, a Virgin Islands limited liability company, and the owner of a condominium unit, B-P01, in The Grande Bay Resort.

14. Joan Weinthal and James E. Clayton are, upon information and belief, residents and citizens of Maryland, and the owners of a condominium unit, B-P02, B-P03 and B-P04, in The Grande Bay Resort.

15. Bay Street, LLC is, upon information and belief, a Nebraska limited liability company, and the owner of a condominium unit, B-P05, in The Grande Bay Resort.

16. John W. Russell is, upon information and belief, a resident and citizen of Oregon, and the owner of a condominium unit, C-101, in The Grande Bay Resort.

17. Maria Jordan is, upon information and belief, a resident and citizen of Maryland, who along with Defendant John E. Jordan, is a co-trustee of the John E. Jordan Revocable Trust and the Maria Jordan Revocable Trust, and the owner of a condominium unit, C-102, in The Grande Bay Resort.

18. C-103 Grande Bay LLC is, upon information and belief, a Maryland limited liability company, and the owner of a condominium unit, C-103, in The Grande Bay Resort.

19. J-CAT Properties LLC is, upon information and belief, a Virgin Islands limited liability company, and the owner of a condominium unit, C-201, in The Grande Bay Resort.

20. KPMAC Properties, LLC is, upon information and belief, a Virgin Islands limited liability company, and the owner of a condominium unit, C-202, in The Grande Bay Resort.

21. Elizabeth J. Branda is, upon information and belief, a resident and citizen of Maryland,

who along with Defendant Hill, is the owner of a condominium unit, C-203, in The Grande Bay Resort.

22. OSSJ Property Holdings LLC is, upon information and belief, a Virgin Islands limited liability company, and the owner of a condominium unit, C-301, in The Grande Bay Resort.

23. CK/KC LLC is, upon information and belief, a Pennsylvania Limited Liability Company, and the owner of a condominium unit, C-303, in The Grande Bay Resort.

24. Charles Kray and Sara Kray are, upon information and belief, citizens and residents of Pennsylvania, and the owners of a condominium unit, C-P03 and C-P04, in The Grande Bay Resort.

25. Charles Bittinger III and Carmen K. Bittinger are, upon information and belief, citizens and residents of Virginia who are trustees respectively, u/d/t of Charles Bittinger III and Carmen K. Bittinger u/d/t, dated 5/26/99, and the owners of a condominium unit, D-101, in The Grande Bay Resort.

26. Atlantic Properties LLC is, upon information and belief, a Virgin Islands limited liability company, and owner of a condominium unit, D-103, in The Grande Bay Resort.

27. John D. Story and Diane M. Story are, upon information and belief, citizens and residents of Indiana, and owners of a condominium unit, D-104, in The Grande Bay Resort.

28. KPMAC Holdings, LLC is, upon information and belief, a Virgin Islands limited liability company, and owner of a condominium unit, D-201, in The Grande Bay Resort.

29. Edward A. Haak is, upon information and belief, a citizen and resident of Vermont, and owner of a condominium unit, D-202, in The Grande Bay Resort.

30. Jacqueline A. Funt is, upon information and belief, a citizen and resident of

Pennsylvania, and owner of condominium units, D-203 and D-P01, in The Grande Bay Resort.

31. Anna May Charrington and Peter Charrington are, upon information and belief, citizens and residents of Pennsylvania, and owners of a condominium unit, D-204, in The Grande Bay Resort.

32. Southern Serenity, LLC is, upon information and belief, a Virgin Islands limited liability company, and owner of a condominium unit, D-301, in The Grande Bay Resort.

33. Island Pursuits, LLC is, upon information and belief, a Florida limited liability company, and owner of a condominium unit, D-302 and D-P02, in The Grande Bay Resort.

34. Keith Bolognese and Koryn Bolognese are, upon information and belief, citizens and residents of New Jersey, and owners of a condominium unit, D-303, in The Grande Bay Resort.

35. Peter H. Langer and Leslie S. Langer are, upon information and belief, citizens and residents of North Carolina, and owners of a condominium unit, D-304, in The Grande Bay Resort.

36. Raymond E. Krek and Gayle M. Krek are, upon information and belief, citizens and residents of Wisconsin, and owners of a condominium unit, D-P03 and D-P04, in The Grande Bay Resort.

37. Collectively, the individuals and entities identified in paragraphs 7-36 are identified herein as the "Additional Grande Bay Unit Owners."

38. The Additional Grande Bay Unit Owners are, upon information and belief, subject to service of process and their joinder will not deprive the Court of subject matter jurisdiction. Further, the Additional Grande Bay Unit Owners claim an interest relating to the subject of this action and are so situated that disposing of the action in such persons' absence may, as a practical

matter, impair or impede the ability of the Additional Grande Bay Unit Owners to protect the interest or leave Bay Isles and the other parties to this action subject to a substantial risk of incurring multiple or otherwise inconsistent obligations if the Additional Grande Bay Unit Owners are absent or prevent the Court from according complete relief among the existing parties.

## STATEMENT OF CLAIMS

39.     Jefferson filed this action against Bay Isles and other defendants alleging various claims concerning and related to assessments for common expenses by the Grande Bay Resort Condominium Association, Inc., a Virgin Islands corporation not-for-profit (the "Association"), against the various unit owners in The Grande Bay Resort.

40.     This counterclaim, cross claim, and claim against the Additional Grande Bay Unit Owners seeks declaratory relief under the Federal Declaratory Judgment Act (28 U.S.C., §§ 2201, 2202) and, alternatively, under the Virgin Islands Declaratory Judgment Act (5 V.I.C. §§ 1261 through 1272) and also seeks reformation of the Declaration of Condominium for the Condominium in order to correct a mutual mistake contained in it and to bring it into compliance with the Virgin Islands Condominium Act (Title 28, Chapter 33 of the Virgin Islands Code) (the "Condominium Act").

41.     The Grande Bay Resort was established through the filing and recording of a Declaration of Condominium of Grande Bay Resort, a Condominium dated September 4, 2007 and filed with the Office of the Recorder of Deeds for St. Thomas and St. John (the "Recorder") on September 13, 2007 as Document No. 2007007784 (the "Original Declaration"). The Original Declaration is attached to the Verified Complaint filed by Jefferson as Exhibit A.

42.     The Original Declaration was subsequently amended by a First Amendment to

Declaration of Condominium dated December 18, 2007 and recorded with the Recorder on December 20, 2007 as Document No. 2007010922, a Second Amendment to Declaration of Condominium dated March 17, 2008 and recorded with the Recorder on March 25, 2008 as Document No. 2008003207, a Third Amendment to Declaration of Condominium dated December 10, 2008 and recorded with the Recorder on December 12, 2008 as Document No. 2008011807 and a Fourth Amendment to Declaration of Condominium dated June 12, 2009 and recorded with the Recorder on June 12, 2009 as Document No. 2009004018 (collectively, the "Amendments").  The Amendments are attached hereto collectively as **Exhibit 1**.

43. The Original Declaration, as amended by the Amendments, will collectively be referred to herein as the "Declaration".

44. In order to create a condominium under the Condominium Act, the property owner must execute and record a condominium declaration containing all of the items enumerated by Section 910 of the Condominium Act (28 V.I.C. § 902).

45. Section 910 of the Condominium Act sets forth the particulars that must be included within a declaration of condominium, including (a) a description of the land on which the buildings and improvements are to be located, (b) a description of the buildings, stating the number of stories and basements, the number of apartments or units and the principal materials of which the buildings are or are to be constructed, (c) the unit number of each unit and a statement of each unit's location, approximate area, number of rooms and immediate common area to which is has access and any other data necessary for its proper identification, and (d) the value of the property and of each unit and the percentage of undivided interest in the common areas and facilities appurtenant to each unit.

46. Additionally, Section 912 of the Condominium Act requires that simultaneously with the recording of the Declaration, there also must be filed in the Office of the Recorder a set of the floor plans of the building(s) showing the layout, location, unit numbers and dimensions of the units, stating the name of the building(s) or that they have no name, and bearing the verified statement of a registered architect, licensed land surveyor or licensed professional engineer certifying that it is an accurate copy of the plans of the building(s) as filed with and approved by the Department of Public Works.

47. Section 905 of the Condominium Act provides that each unit owner shall be entitled to an undivided interest in the common areas and facilities in the percentages expressed in the Declaration and that "Such percentage shall be computed by taking as a basis the value of the apartment in relation to the value of the property." (28 V.I.C. § 905(a)).

48. Section 909 of the Condominium Act then provides, in pertinent part, that the common expenses of the condominium shall be charged to the unit owners according to the percentages of their undivided interest in the common areas and facilities.

49. The Declaration was prepared and based upon the stated assumption and belief that the Condominium, when constructed and completed, would consist of five (5) residential buildings (Buildings A, B, C, D and E) and a reception, administration and amenity building and related facilities, which were to be located on six (6) lots. A surveyor's sketch reflecting the relative locations of the six (6) lots is attached as **Exhibit 2**.

50. The Original Declaration provided, in part:

> "WHEREAS, Developer owns a fee simple title to certain real property, known as Grande Bay Resort, lying and being situated at certain parcels in Cruz Bay Town, St. John, U.S. Virgin Islands, as more particularly set forth in Exhibit "A" attached hereto, which

lands are herein called "the Land," subject to reservations, restrictions and easements of record; and

WHEREAS, <u>Developer has constructed forty-two (42) residential Condominium Units,</u> and <u>Developer proposes to develop fourteen (14) residential, two (2) commercial Condominium Units, and one (1) amenities Condominium Unit and related facilities</u> on the Land described on Exhibit "A" and desires to submit same to condominium ownership pursuant to Chapter 33, Title 28, Virgin Islands Code, known also as the "Condominium Act of the Virgin Islands," as it exists on the date hereof; and

WHEREAS, Developer has reserved the right to add to the Land property on which additional residential Condominium Units may be constructed, up to a maximum of seventy-six (76) total Condominium Units on the Land and the additions thereto.

THE CONDOMINIUM FLOOR PLANS, REDUCTIONS OF WHICH ARE ATTACHED HERETO AS EXHIBIT "B," ARE ENTERED IN THE REAL PROPERTY REGISTER ____. PAGE(S) _____ THROUGH _____." (emphasis supplied)  (Page 1, Declaration)

51. Section 3 of the Declaration provided, in relevant part:

"3.   <u>PROPERTY, SUBMITTED TO CONDOMINIUM FORM OF OWNERSHIP</u>.

Subject to easements, restrictions and reservations of record, the following property is hereby submitted to the Condominium Form of Ownership:

The property designated and described in Exhibit "A" hereto, together with the improvements erected or installed thereon, <u>including without limitation</u> five (5), three (3) story Buildings with basement garages containing seven (7) Units and one (1) rooftop terrace in Building A, fifteen (15) Units and two (2) rooftop terraces in Building B, eleven (11) Units and two (2) rooftop terraces in Building C, fifteen (15) Units and two (2) rooftop terraces in Building D, <u>fourteen (14) proposed Units and one (1) proposed rooftop terrace in Building E</u>, and one (1) Building comprising part of the Amenities Unit and containing Commercial Unit 1 and Commercial Unit 2, constructed primarily of reinforced concrete and structural steel framing with decorative cementious

exterior finish and metal barrel roofs.  <u>The number of each Unit and its location, approximate area, number of rooms, and immediate common area to which it has access are set forth on the Survey, Graphic Description and Plot Plan annexed hereto as Exhibit "B".</u>" (emphasis supplied)

52.  Exhibit "B" to the Declaration does not contain the number of any of the proposed units in Building E or their location, approximate area, number of rooms or the immediate common areas to which they have access.

53.  Furthermore, the fourteen (14) units and one (1) rooftop terrace anticipated and proposed by the Declaration for Building E have not been constructed and completed, and can never be constructed or completed, as a result of zoning restrictions and/or other governmental restrictions, including but not necessarily limited to the fact that under the present R-4 zoning of Lot 5, upon which Building E is situated, only a maximum of six (6) condominium units and no rooftop terrace may be developed, constructed, completed, used and occupied within Building E.

54.  Paragraph 10 of the Declaration explains how the percentage shares set forth in the Paragraph 10 Table were calculated.  It provides, in relevant part:

> "10.  <u>VALUE OF LAND AND PERCENTAGE OF OWNERSHIP OF COMMON EXPENSES, COMMON ELEMENTS AND COMMON SURPLUS.</u>  A portion of the Land was appraised at $5,000,000.00 based upon the appraisal prepared by Wexford Appraisal and Evaluation Services, dated April 1, 2001.  <u>The average value of each residential Unit based upon the foregoing appraisal of a portion of the Land is $80,645.16.  The undivided share of the Common Expenses and ownership of the Common Elements and Common Surplus attributable to each Condominium Unit is based upon a subjective formula of value and square footage</u> computed by taking as a basis the value of the Unit in relation to the value of the property as provided in section 905(a) of the Condominium Act and shall be computed upon the following basis:" (emphasis supplied)

55. The percentage shares set forth for the units in the Paragraph 10 Table were based upon and calculated on the assumption and belief that all of the condominium units and rooftop terraces reflected in the Paragraph 10 Table would be constructed and completed and would legally be created and exist, including the fourteen (14) units and one (1) rooftop terrace proposed for Building E.

56. The Declaration provides that the rooftop terraces reflected in the Paragraph 10 Table are limited common elements that shall be assigned to a particular unit and that once assigned to a particular unit the percentage of ownership of common expenses, common elements and common surplus for that unit shall be the total of the percentage share for the specific unit and the percentage share for the rooftop terrace assigned to that unit. (Section 11(a), Declaration).

57. As previously alleged, Section 905(a) of the Condominium Act requires that the percentage share of each unit in the common areas and facilities must be computed by taking as a basis the value of each unit in relation to the value of the property. The percentage shares set forth in the Paragraph 10 Table in the Declaration were not calculated as required by Section 905(a).

58. As previously alleged, Section 910 of the Condominium Act requires that a declaration of condominium contain the unit number of each unit and a statement of each unit's location, approximate area, number of rooms and immediate common area to which it has access (28 V.I.C. § 910(3)). The Declaration does not do so with respect to the fourteen (14) proposed units in Building E.

59. As previously alleged, Section 912 of the Condominium Act requires that simultaneously with recording of a declaration of condominium there must be filed with the

Recorder, a set of the floor plans of the building showing the layout, location, unit number and dimensions of the units and bearing the verified statement of a registered architect, licenses land surveyor or licensed professional engineer certifying that it is an accurate copy of the portions of the plans of the building as filed with and approved by the Department of Public Works.  The Declaration does not do so with respect to the fourteen (14) proposed units in Building E, as a set of the floor plans for Building E showing the layout location, unit numbers and dimensions of the fourteen (14) proposed units and one (1) rooftop terrace for Building E and the required verified statement from a professional certifying that the set of floor plans for the Building is an accurate copy of portions of the plans of Building E as filed with and approved by the Department of Public Works were not filed in the Office of the Recorder simultaneously with the recording of the Declaration as required by Section 912, and have not been filed at any time since the recording of the Declaration.

### COUNT I (REFORMATION)

60.     Bay Isles restates the allegations of paragraphs 1-59 as if set forth fully herein.

61.     The failure of the Declaration to accord with the real understandings and agreements of the parties was due to an erroneous conclusion by the parties as to the legal effect of the facts known to the parties and was also due to mutual mistakes of fact, including but not limited to the following:

(1) The parties believed that the Paragraph 10 Table and the percentage shares allocated to each of the units thereby were calculated and based upon the relative value of each unit in relation to the total value of the entire condominium development and they were not.

(2) The parties believed that the sharing of common expenses of the condominium by the

-13-

unit owners would be based upon the relative value of each unit in relation to the total value of the condominium development as required by Section 905(a) of the Condominium Act and they are not.

(3) The parties believed that the Declaration and all of its terms and provisions complied with and met all the requirements of the Condominium Act and it does not.

(4) The parties believed that the Declaration lawfully and validly created the Condominium and it did not.

(5) The parties believed that all of the proposed fourteen (14) units and the one (1) rooftop terrace in Building E could and would be lawfully and legally developed, constructed, completed, occupied and used and they cannot be.

(6) In the alternative, the parties believed that the percentage shares of each unit and rooftop terrace set forth in the Paragraph 10 Table would be recalculated and modified if any of the proposed units reflected in the Paragraph 10 Table could not be lawfully developed, constructed, completed, used and occupied, and they cannot be because if the percentage shares set forth in the Paragraph 10 Table are reallocated only to and among the maximum of six (6) units that can be developed, constructed, completed used and occupied in Building E, it would not be economically feasible to develop, construct, complete and sell those units because the percentage shares of common expenses payable by those units would effectively render them unsaleable and unmarketable.

(7) The parties believed that all of the units in the Grande Bay Resort would be marketable and saleable and the proposed units in Building E are not marketable and saleable.

62. A mutual mistake of fact, therefore, exists between and among the Plaintiff, Hill,

Jordan, and the Additional Grande Bay Unit Owners and Bay Isles.

63. The mistakes as reflected in the Declaration were not caused by the failure of Bay Isles to act in good faith or to act in accordance with reasonable standards of fair dealing and Bay Isles did not otherwise agree to bear the risk of mistake nor are there any other circumstances which would cause it to be reasonable to require Bay Isles to bear the risk of the mistakes reflected in the Declaration.

64. It would be unconscionable for the Court to compel Bay Isles to pay shares of common expenses allocable to condominium units that physically do not exist and can never be developed, constructed, completed, used or occupied.

65. It would be unfair, unreasonable and unconscionable for the Court to compel Bay Isles as the owner of the proposed "paper units" in Building E to pay assessments based upon the theoretical creation of the units by the Declaration, even though they cannot be lawfully or legally developed, constructed, completed, used and/or occupied.

66. The Declaration, therefore, should be reformed by the Court to comply with the Condominium Act, including, without limitation, the reformation of Paragraph 10 in order to establish the actual number of units and rooftop terraces that may lawfully be developed, constructed, completed, used and occupied and to fairly and equitably reallocate the percentage shares allocated to the proposed fourteen (14) units and one (1) rooftop terrace in Building E among all of the units in the Condominium that may actually be developed, constructed, completed, used and occupied.

## **COUNT II (DECLARATORY JUDGMENT)**

67. Bay Isles Bay Isles restates the allegations of paragraphs 1-59 as if set forth fully herein.

68. As the fourteen (14) units and one (1) rooftop terrace proposed for and in Building E do not presently actually exist and can never be developed, constructed, completed, used or occupied and will, therefore, never actually exist, an actual controversy exists between Bay Isles, Plaintiff, Hill, Jordan, and the Additional Grande Bay Unit Owners as to whether Bay Isles is obligated and liable for the payment of assessments for common expenses on the fourteen (14) proposed units and one (1) rooftop terrace proposed in Building E that cannot be lawfully constructed, developed, completed, used or occupied.

69. Bay Isles is entitled to a declaratory judgment finding, declaring and determining that Bay Isles and the proposed fourteen (14) units and one (1) rooftop terrace that were to be located and created within Building E are not liable and obligated for the percentage share of common expenses reflected in the Paragraph 10 Table of the Declaration because these units cannot be developed, constructed, completed, used or occupied.

WHEREFORE, Bay Isles, respectfully requests the Court to:

A. Enter a Declaratory Judgment finding, declaring and determining that Bay Isles and the proposed fourteen (14) units and one (1) rooftop terrace that were to be located and created within Building E are not liable and obligated for the percentage share of common expenses reflected in the Paragraph 10 Table of the Declaration because these units cannot be developed, constructed, completed, used or occupied.

B. Enter a Judgment of Reformation reforming the Declaration to comply with the Condominium Act, including, without limitation, the reformation of the Paragraph 10 Table to establish the actual number of units and rooftop terraces that may lawfully be developed, constructed, completed, used and occupied and to reallocate the percentage shares reflected for the proposed fourteen (14) units and one (1) rooftop terrace in Building E that have not been and cannot be developed, constructed, completed, used or occupied, among all units in the Condominium that may actually be developed, constructed, completed, used and occupied, based upon the relative value of each unit in relation to the total value of the development.

C. Grant such further and additional relief that the Court may deem just and proper under the circumstances.

                                              Respectfully submitted,

                                              OGLETREE, DEAKINS, NASH,
                                               SMOAK & STEWART, LLC

DATED: October 1, 2010              By:  /s/Simone R.D. Francis
                                               SIMONE R.D. FRANCIS
                                               V.I. Bar Number 537
                                               The Tunick Building - Suite 201
                                               1336 Beltjen Road
                                               St. Thomas, USVI 00802
                                               Telephone: (340) 714-1235
                                               Facsimile:  (340) 714-1245

                                               *Attorneys for Defendant Bay Isles Associates, LLLP*

## **CERTIFICATE OF SERVICE**

     I do hereby certify that on this 1st day of October, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Christopher Allen Kroblin, Esq.
ERIKA A. KELLERHALS, P.C.
P.O. Box 608
St.Thomas, Virgin Islands 00804-0608

Gregory H. Hodges, Esq.
DUDLEY, TOPPER & FEUERZEIG, LLP
1000 Frederiksberg Gade
P.O. Box 756
St. Thomas, VI 00804

                                                        /s/ Simone R.D. Francis