## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| Brett Jefferson,<br>    Plaintiff<br>v.<br><br>Grande Bay Resort Condominium Association, Inc.,<br>Bay Isles Associates, LLLP, Thomas Hill, individually,<br>John Jordan, individually,<br><br>    Defendants<br>_____<br><br>Bay Isles Associates, LLLP,<br><br>    Counterclaim, Cross-Claim and<br>    Third Party Plaintiff<br>v.<br><br>Brett Jefferson, Thomas Hill, John Jordan, Harrington<br>Holdings, LLC, Richard Dobrow and Paula J. Dobrow,<br>Four-By-Four Forever, LLC, Island Spine, LLC,<br>Bayview Investments, LLC, Colleen L. Norrgard and<br>Robert P. Norrgard, Lucky Lithuanian Woman, LLC,<br>Joan Weithal and James E. Clayton, Bay Street, LLC,<br>John W. Russell, Maria Jordan, C-103 Grande Bay,<br>LLC, J-CAT Properties, LLC, KPMAC Properties,<br>LLC, Elizabeth J. Branda, OSSJ Property Holdings,<br>LLC, CK/KC, LLC, Charles Kray and Sara Kray,<br>Charles Bittinger, III and Carmen K. Bittinger,<br>Atlantic Properties, LLC, John D. Story and Diane M.<br>Story, KPMAC Holdings, LLC, Edward A. Haak,<br>Jacqueline A. Funt, Anna May Charrington and Peter<br>Charrington, Southern Serenity, LLC, Island Pursuits,<br>LLC, Keith Bolognese and Koryn Bolognese, Peter H.<br>Langer and Leslie S. Langer,<br>Raymond E. Krek and Gayle M. Krek<br><br>    Counterclaim, Cross-Claim and<br>    Third Party Defendants | Civil No. 10-97 |

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT OF DEFENDANT BAY ISLES ASSOCIATES, LLLP

Case: 3:10-cv-00097-JRS-RM    Document #: 23    Filed: 10/19/10    Page 2 of 7

Jefferson v. Grande Bay Resort Condominium Association, Inc.
Civil No. 10-97
Answer and Affirmative Defenses to Bay Isles Counterclaim

COMES NOW, Plaintiff Brett Jefferson ("Jefferson") to answer and give his affirmative defenses to the Counterclaim, Cross-Claim and Third-Party Complaint of Defendant Bay Isles Associates, LLLP. In support thereof Jefferson states as follows:

1. Jefferson neither admits nor denies paragraph 1 as this is a legal conclusion.

2. Jefferson neither admits nor denies paragraph 2 as this is a legal conclusion.

3. Admit.

4. Jefferson admits the allegations contained in paragraph 4 upon information and belief.

5. Jefferson admits the allegations contained in paragraph 5 upon information and belief.

6. Jefferson admits the allegations contained in paragraph 6 upon information and belief.

7-36. Jefferson does not have sufficient knowledge or information to admit or deny the allegations contained in paragraphs 7 – 36 and therefore leaves Defendant Bay Isles Associates, LLLP ("Bay Isles") to their proof.

37. Paragraph 37 does not require Jefferson to admit or deny any allegations.

38. Jefferson does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 38 and leaves Bay Isles to its proof.

39. Jefferson will not admit or deny the allegations set forth in paragraph 39 as Jefferson's Complaint speaks for itself.

Case: 3:10-cv-00097-JRS-RM    Document #: 23    Filed: 10/19/10    Page 3 of 7

Jefferson v. Grande Bay Resort Condominium Association, Inc.
Civil No. 10-97
Answer and Affirmative Defenses to Bay Isles Counterclaim

40. Jefferson denies that there is a "mutual mistake" contained in the Declaration of Condominium and that the Declaration of Condominium is not in compliance with the Virgin Islands Condominium Act. Jefferson admits that Bay Isles is seeking declaratory relief.

41. Jefferson does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 41 and leaves Bay Isles to its proof.

42. Jefferson does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 42 and leaves Bay Isles to its proof.

43. Paragraph 43 does not require Jefferson to admit or deny any allegations.

44. Paragraph 44 calls for a legal conclusion and therefore Jefferson will not admit or deny the allegations contained therein.

45. Paragraph 45 does not list the full text of 28 V.I.C. §910 and therefore is incomplete. Jefferson denies that this is an accurate allegation.

46. Paragraph 46 does not list the full text of 28 V.I.C. §912 and therefore is incomplete. Jefferson denies that this is an accurate allegation.

47. Paragraph 47 does not list the full text of 28 V.I.C. §905 and therefore is incomplete. Jefferson denies that this is an accurate allegation.

48. Paragraph 48 does not list the full text of 28 V.I.C. §905 and therefore is incomplete. Jefferson denies that this is an accurate allegation.

49. Jefferson does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 49 and leaves Bay Isles to its proof.

Case: 3:10-cv-00097-JRS-RM   Document #: 23   Filed: 10/19/10   Page 4 of 7

Jefferson v. Grande Bay Resort Condominium Association, Inc.
Civil No. 10-97
Answer and Affirmative Defenses to Bay Isles Counterclaim

50. Paragraph 50 does not list the full text of the Declaration and emphasis is added and therefore is not an accurate representation of the Declaration. Jefferson denies that this is an accurate allegation.

51. Paragraph 51 does not list the full text of the Declaration and emphasis is added and therefore is not an accurate representation of the Declaration. Jefferson denies that this is an accurate allegation.

52. Jefferson does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 52 and leaves Bay Isles to its proof.

53. Jefferson does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 53 and leaves Bay Isles to its proof.

54. Paragraph 51 does not list the full text of the Declaration and emphasis is added and therefore is not an accurate representation of the Declaration. Jefferson denies that this is an accurate allegation.

55. Jefferson does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 55 and leaves Bay Isles to its proof.

56. Jefferson does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 56 and leaves Bay Isles to its proof.

57. Jefferson does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 57 and leaves Bay Isles to its proof. To the extent that Bay Isles calculated the percentage ownership shares Jefferson denies that it was done improperly by mistake as Bay Isles was the drafter of the Declaration of Condominium.

Case: 3:10-cv-00097-JRS-RM    Document #: 23    Filed: 10/19/10    Page 5 of 7

Jefferson v. Grande Bay Resort Condominium Association, Inc.
Civil No. 10-97
Answer and Affirmative Defenses to Bay Isles Counterclaim

58. Jefferson does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 58 and leaves Bay Isles to its proof. To the extent that Bay Isles drafted the Declaration of Condominium Jefferson denies that it was done improperly by mistake as Bay Isles was the drafter of the Declaration of Condominium.

59. Jefferson does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 57 and leaves Bay Isles to its proof. To the extent that Bay Isles omitted to file the proper paperwork Jefferson denies that it was done improperly by mistake as Bay Isles was the drafter of the Declaration of Condominium and the filing of the proper paperwork was its obligation.

60. Jefferson repeats and realleges the answers to paragraphs 1-59 as though fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Jefferson repeats and realleges the answers to paragraphs 1-66 as though fully set forth herein.

68. Admit.

69. Denied.

Jefferson v. Grande Bay Resort Condominium Association, Inc.
Civil No. 10-97
Answer and Affirmative Defenses to Bay Isles Counterclaim

## AFFIRMATIVE DEFENSES

1. Bay Isles assumed the risk that the units in Building E may not have been able to be built. At the time of the drafting and recording of the Declaration of Condominium Bay Isles was aware that the land on which Building E was to be built was not zoned to allow for the construction of fourteen (14) units. In fact, the parcel of land where Building E is located was originally zoned to only allow a two (2) family dwelling Bay Isles had the parcel re-zoned to allow the construction of six (6) units. Bay Isles should therefore be forced to allocate the common area shares from the fourteen (14) units to the six (6) units.

2. Bay Isles was contributorily negligent in an amount and manner that precludes the relief which they are seeking. Bay Isles was aware at the time of drafting and filing of the Declaration of Condominium that the parcel of land on which Building E sits was only zoned to allow a two (2) family dwelling.

3. Bay Isles was fraudulent in its conduct and therefore is properly denied the relief that it seeks.

Case: 3:10-cv-00097-JRS-RM    Document #: 23    Filed: 10/19/10    Page 7 of 7

Jefferson v. Grande Bay Resort Condominium Association, Inc.
Civil No. 10-97
Answer and Affirmative Defenses to Bay Isles Counterclaim

4. Bay Isles conduct in recording, filing and promulgating documents that it knew to be false constitutes illegal conduct and therefore the relief that they are seeking is properly denied.

5. The relief that Bay Isles is seeking is barred by the doctrine of laches.

Respectfully Submitted,

Kevin F. D'Amour, P.C.

Dated: 10/19/2010

/s/Michael L. Sheesley
Michael L. Sheesley
VI Bar #1010
P.O. Box 10829
St. Thomas, VI 00801
(340)774-8188
(340)774-8189 facsimile
michael.sheesley@comcast.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of October, 2010, an exact copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notification of the filing (NEF) to the parties in the above captioned action.